**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Case No. 06-CR-20411

DERRICK YOUNG,

       Defendant.

_____/

### ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR
### MITIGATION EXPERT AUTHORIZATION

Pending before the court is Defendant Derrick Young's sealed "Ex Parte Request for Authorization to Retain Previously Appointed Mitigation Expert to Assist with and Participate in Sentencing Proceeding." The court conducted an ex parte hearing on the record on July 8, 2010. For the reasons stated on the record and below, the court will grant in part Defendant's request.[1]

Defendant seeks authorization to retain the services of Judy Lucero, the mitigation expert utilized in the death penalty aspect of the case. (Def.'s Mot. ¶ 3.) In support of his request, Defendant cites 18 U.S.C. § 3006A(e)(1), which provides a mechanism for counsel in an ex parte application to seek authorization for obtaining expert services. (*See* Def.'s Mot. Br. at 1.) The court must authorize these services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them." 18 U.S.C. § 3006A(e)(1). Defendant argues that Lucero's services "are necessary for adequate

---

[1]Although the request was filed under seal, Defendant stated at the hearing that this order need not be filed under seal.

representation of Defendant at the sentencing hearing, as Judy Lucero, having personally interviewed the family members on numerous occasions and having done a detailed analysis of the family history, would be the person most able to advise this Honorable Court with respect to the statutory sentencing factors." (Def.'s Mot. ¶ 5.)

The court is not persuaded at this time that Lucero's services are necessary. Lucero has already performed "numerous and extensive interviews of the various family members" and has reviewed a "multitude of records." (*Id.* ¶ 3.) Based on this work, Lucero prepared a report that was submitted to the Department of Justice and, according to the court's records, was paid $5823.95 for her services. The court is reasonably confident that Defendant can utilize the existing work by Lucero to adequately organize whatever argument he may need to make pertaining to this one, narrow component of the many relevant sentencing factors.

Therefore, the court first encourages Defendant to work with the existing report that was prepared by Lucero for the Department of Justice. If Defendant believes that additional work by Lucero is necessary, the court will authorize approximately two hours of consultation work at Lucero's normal rate. After review of the existing report and consultation with Lucero, if Defendant believes that additional work by Lucero is necessary, Defendant may petition the court to authorize additional services at that time.

Accordingly, IT IS ORDERED that Defendant's "Ex Part Request for Authorization to Retain Previously Appointed Mitigation Expert to Assist with and Participate in Sentencing Proceeding" is GRANTED IN PART. Defendant is authorized

to obtain two hours of consultative services from the previously-appointed mitigation

expert, Judy Lucero.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2010, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
