UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                         Case No. 06-20411-4

DERRICK YOUNG,

    Respondent.
                                         /

**ORDER DENYING PETITIONER'S MOTION TO AMEND**

On January 18, 2011, the court sentenced Petitioner Derrick Young to 720 months' imprisonment for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), killing a person while engaged in an offense punishable under 18 U.S.C. § 924 (c), and aiding and abetting in such an offense in violation of 18 U.S.C. § 924(j). On January 17, 2012, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Government filed a response on February 22, 2012. More than a year later, on July 29, 2013, Petitioner moved to amend his § 2255 habeas corpus petition pursuant to *Alleyne v. United States*, 133 S.Ct. 1251 (2013). For the reasons that follow, the court denies the motion.

Amending a habeas corpus petition "is governed by the 'rules of procedure applicable to civil actions.'" *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (citing 28 U.S.C. § 2242). Federal Rule of Civil Procedure 15 governs when a pleading may be amended. If twenty-one days of serving a pleading or service of a responsive pleading have passed, a party may amend its pleading only with the opposing party's written consent or at the court's leave. Fed. R. Civ. P. 15(a)(1)–(2). Courts "should

freely give leave [to amend] when justice so requires." *Id.* However, leave should be freely given only "[i]n the absence of any apparent or declared reason—such as . . . futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Petitioner filed the instant motion exclusively based on the Supreme Court's recent decision in *Alleyne*. In that case, the Court held that any fact that increases a minimum mandatory sentence must be treated as an element of a crime that must be submitted to a jury. *Alleyne*, 133 S.Ct. at 2155. The Court was careful to state that its ruling "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. The Court also noted, "we have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* Petitioner does not challenge his sentence based on facts that increased a minimum mandatory sentence.

As noted previously, the court sentenced Petitioner for violations of 21 U.S.C. §§ 846, 841(a)(1) as well as 18 U.S.C. § 924 (c) and (j). Neither violation carried a mandatory minimum. The Fifth Superseding Information states, "Derrick Young, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree . . . to possess with the intent to distribute and to distribute cocaine, a Schedule II controlled substance." (Pg. ID # 480.) As this is a "case of a controlled substance in schedule I or II," Petitioner faced a sentence of "a term of imprisonment of not more than 20 years."

21 U.S.C. 841(b)(1)(c).  Similarly, 18 U.S.C. § 924 does not carry a mandatory minimum sentence.  "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall— . . . if the killing is a murder . . . be punished by death or by imprisonment for any term of years or for life."  18 U.S.C. § 924 (j).  Because the statutes that Petitioner violated did not carry mandatory minimum sentences, *Alleyne* is inapplicable.

Petitioner's proposed amendment would not survive a motion to dismiss and is futile.  Accordingly,

IT IS ORDERED that Petitioner's motion to amend [Dkt. # 301] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522